UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| JOEL JONATHAN RAM, ) <br> ) <br>     Petitioner, ) <br> ) <br> vs. ) <br> ) <br> KATRINA KANE, et al, ) <br> ) <br>     Respondents. ) <br> ) | 2:07-cv-1338 JWS (HCE) <br><br> ORDER AND OPINION <br><br> [Re:  Report and Recommendation <br>       at docket 15] |

## I. MATTER PRESENTED

Joel Jonathan Ram ("Ram") is a citizen of Fiji. He filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, asserting that his continued detention under 8 U.S.C. § 1226(c) is unlawful. At docket 15, Magistrate Judge Héctor C. Estrada filed a report recommending that unless within sixty (60) days following this court's decision the respondents afford Ram a hearing before an immigration judge with the power to grant or deny him bail, Ram should be released. At docket 16, respondent Kane filed objections to the report.

## II. STANDARD OF REVIEW

In a matter such as this, the district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[1] When

---

[1] 28 U.S.C. § 636(b)(1).

reviewing a magistrate judge's report and recommendation in a *habeas* case, the district court reviews *de novo* conclusions of law[2] and findings of fact to which parties object.[3] The district court reviews uncontested findings of fact for clear error.[4]

### IV.  DISCUSSION

This court has reviewed the recommendations and objections pursuant to the standard of review recited above.  There are no objections to any of the findings of fact recommended by the magistrate judge.  This court adopts Magistrate Judge Estrada's recommended findings of fact.

The ultimate legal issue is whether Ram's four year detention[5] during removal proceedings pursuant to 8 U.S.C. § 1226(c) has lasted so long that he is entitled to relief on due process grounds.  This court agrees with the magistrate judge's recommendation that on the remarkable facts of this case, petitioner is entitled to relief. This court therefore adopts his recommended conclusions of law, but writes further to amplify its view of the situation.

*Demore v. Kim,*[6] not *Tijani v. Willis,*[7] is the starting point in the analysis of Ram's detention, for as the magistrate judge noted *Tijani* cannot squarely apply, because

---

[2] *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).

[3] 28 U.S.C. § 636(b)(1).

[4] *Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888, 906 (3d Cir. 1992).

[5] Petitioner's detention pursuant to Section 1226(c) began June 21, 2004.  Doc. 15 at 3.

[6] 538 U.S. 510 (2003).

[7] 430 F.3d 1241 (9th Cir. 2005).

removability was not conceded in *Tijani*.[8] The problem for respondents is that *Demore* cannot be squarely applied either, because the *Demore* court's analysis obviously depended on the proposition that appeals would be of short duration, lasting perhaps as much as five months. Indeed, the *Demore* court simply did not contemplate an extended appeal to a circuit court, and so did not address whether an "extremely lengthy detention under section 1226(c) constitutes a permissible infringement of [an alien's] constitutionally protected right to liberty."[9] Based on the extended period of detention here which was not contemplated in *Demore*, the magistrate judge looked to the decisions in *Tijani* and *Zadvydas v. Davis*[10] for guidance and found that Ram was entitled to a bond hearing or release.

In *Denmore* the Supreme Court held that "[d]etention during removal proceedings is a constitutionally permissible part of that process."[11] As evidence of the strong incentive to detain criminal aliens pending removal proceedings, the Court discussed the fact that once released, more than twenty percent of deportable criminal aliens failed to appear for removal hearings.[12] However, *Demore* does not address situations where detention has lasted longer than the normal "brief period necessary for .[the alien's] removal proceedings."[13] Rather, the *Demore* court focused on the differences

---

[8] Doc. 15 at 9, n. 5.

[9] Doc. 15 at 10.

[10] 533 U.S. 678 (2001).

[11] *Demore*, 538 U.S. at 531.

[12] *Id.* at 519.

[13] *Id.* at 513.

between pre-removal order detention (with a definite end at the time of the removal order) and potentially indefinite post-removal order detention, which the Court in *Zadvydas* found to have a "presumption of a 6-month "reasonable" time limit."[14]

The administrative proceedings in this case lasted about eight months. The decision to appeal the result to the Ninth Circuit was the petitioner's, and the Court in *Demore* noted concerns that frivolous appeals could be filed to delay deportation.[15] On the other hand, pursuit of non-frivolous appeals is a legitimate interest. Ram's appeal does not appear to this court to be one which is likely to have merit, but it is the appellate court which will decide that issue and the very duration of the appeal suggests that the appellate court does not consider it frivolous. The appeal to the Ninth Circuit in this case was filed on March 3, 2005, and is still pending more than three years and three months later. Ram has not contributed significantly to the appeal's extended duration. At most his requests for extensions of time account for three months.[16] Similarly, the government has not substantially delayed the appeal.

Of course, in general an alien who seeks judicial review cannot thereby establish a right to a bond hearing. Moreover, this court has declined to grant relief in a case in which an alien's detention extended to twenty months.[17] Nevertheless, it is impossible to ignore the fact that Ram has been detained for four years. Establishing at precisely

---

[14]*Id.* at 577 (Breyer, J*., concurring in part and dissenting in part*) (citing 533 U.S. 678 (2001).

[15]*Id.* at 531.

[16]Case # 05cv71190.

[17]*Passano v. Gonzalez*, 2007 WL 1577908 (D. Ariz. 2007).

what point the duration of detention reaches a point at which a *Tijani*-inspired concern for the individual's liberty interest becomes paramount is a difficult question. Suffice it to say that here, with a total detention of four years, the line has been crossed. Accordingly, the court adopts the magistrate judge's recommended conclusions of law. Given the extraordinary duration of detention in this case, this court cannot square denial of relief with the decision by the Ninth Circuit in *Tijani.*

### V.  CONCLUSION

For the reasons set out above, this court **ADOPTS** the magistrate judge's recommendations.  The petition is **GRANTED** as follows:  Within 60 days from the date of this order, the government shall afford petitioner a bond hearing before an immigration judge with authority to release him or determine that he must be detained. If it fails to do so, petitioner shall be immediately released.

DATED this 23rd day of June 2008.

_____/s/_____
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE